**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| BEXIE NOBLES,<br><br>      Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.; and EQUIFAX INFORMATION SERVICES LLC;<br><br>      Defendants. | Case No.: 1:25-cv-38<br><br>**Complaint for Damages:**<br>      **Violation of Fair Credit Reporting Act** |

Plaintiff, Bexie Nobles, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.    INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.    PARTIES

2. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant, Citibank, N.A. ("Citibank") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Texas.

4. At all times pertinent hereto, Defendant Citibank is a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

5. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting

agency, licensed to do business in Texas.

6. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Texas.

7. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

8. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

9. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III. JURISDICTION AND VENUE

10. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

11. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Texas and Defendants do business in Texas.

12. Personal jurisdiction exists over Defendants as Plaintiff resides in Texas, Defendants have the necessary minimum contacts with the state of Texas, and this suit arises out of specific conduct with Plaintiff in Texas.

### IV. FACTUAL ALLEGATIONS

13. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Citibank and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

14. Equifax, Experian, and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

15. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

16. Equifax has a duty, under the FCRA, to follow reasonable procedures to ensure

that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

17. Plaintiff discovered the Citibank account last four #4537 on their Equifax consumer report in error (the "Account").

18. The Account reports a late balance due and owing with a derogatory collection charge-off status in error.

19. Citibank issued the Plaintiff an IRS Form 1099-C, stating it discharged the debt of the Account.

20. The form 1099-C canceled the principal balance owed on the Account.

21. The Identifiable Event Code on the 1099-C is marked "G."

22. Code G is used to identify cancellation of debt as a result of a decision or a defined policy of the creditor to discontinue collection activity and cancel the debt.

23. Upon information and belief, Citibank submitted the form 1099-C to the Internal Revenue Service ("IRS"), reporting the debt cancelled as income attributable to Plaintiff.

24. Prior to issuing a 1099-C, and thereby cancelling the debt, Citibank actively attempted to collect the debt using telephone calls, letters, and collection notices.

25. After cancelling the debt, Citibank discontinued efforts to collect the debt and no longer uses the telephone calls, letters, and collection notices that it employed prior to cancelling the debt.

26. Prior to cancelling the debt, Citibank provided periodic statements and letters containing information about the Account.

27. After cancelling the debt, Citibank discontinued its practice of providing periodic statements and letters containing information about the Account.

28. Based on the issuance of the 1099-C, and on Citibank's activity or inactivity related to collecting the debt, it is clear that Citibank has cancelled the debt associated with the Account.

29. In spite of cancelling the debt, Citibank continued, erroneously, to report a balance due on the Account to the credit reporting agencies who then reported a balance due on Plaintiff's consumer reports.

30. The false information regarding the Account appearing on Plaintiff's consumer report harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

31. On or about September 12, 2024, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

32. Upon information and belief, Equifax forwarded Plaintiff's Equifax Dispute to Defendant Citibank.

33. Upon information and belief, Citibank received notification of Plaintiff's Equifax Dispute from Equifax.

34. Upon information and belief, Citibank verified the erroneous information associated with the Account to Equifax.

35. Citibank failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

36. Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

37. Upon information and belief, Citibank failed to instruct Equifax to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

38. Equifax employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Equifax Dispute.

39. At no point after receiving the Equifax Dispute did Citibank or Equifax

4

communicate with Plaintiff to determine the veracity and extent of Plaintiff's Equifax Dispute.

40. Equifax relied on their own judgment and the information provided to them by Citibank rather than grant credence to the information provided by Plaintiff.

41. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

42. Plaintiff has lost time working to resolve the adverse information associated with the Account to prevent harm.

## COUNT I – EQUIFAX
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

43. Plaintiff re-alleges and reaffirms the above paragraphs 1-42 as though fully set forth herein.

44. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

45. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

46. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

48. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

49. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

50. Plaintiff re-alleges and reaffirms the above paragraphs 1-42 as though fully set forth herein.

51. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

52. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

53. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

54. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

55. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

56. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII – CITIBANK

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

57. Plaintiff re-alleges and reaffirms the above paragraphs 1-42 as though fully set forth herein.

58. After receiving the Equifax Dispute, Citibank failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

59. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Citibank's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Citibank's representations to consumer credit reporting agencies, among other unlawful conduct.

60. As a result of this conduct, action, and inaction of Defendant Citibank, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

61. Defendant Citibank's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

62. In the alternative, Defendant Citibank was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

63. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Citibank pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Jury trial;

B. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

C. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

D. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted January 8, 2025

<u>/s/ Joseph Panvini</u>
Joseph Panvini
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 612-5016
Fax: (602) 218-4447
joe.panvini@mccarthylawyer.com
Attorney for Plaintiff